RECEIVED
IN LAKE CHARLES, LA.

OCT 13 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LOUISIANA UNITED BUSINESSES ASSOCIATION CAUSALTY INSURANCE CO. | * * * * | CIVIL ACTION NO. 2:15 -CV-1769 |
| | * | JUDGE MINALDI |
| v. | * * | |
| J & J MAINTENANCE, INC., ET AL. | * * * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is The Travelers Indemnity Company of America's (Travelers) Motion to Dismiss (Rec. Doc. 67) claims asserted against it by crossclaim defendant J&J Maintenance, Inc. (J&J). J&J filed a Response (Rec. Doc. 72) and a Sur-Reply (Rec. Doc. 81), and Travelers filed a Reply (Rec. Doc. 76) and a Response to the Sur-Reply (Rec. Doc. 85). For the following reasons, the court finds that J&J is not an additional insured under the Travelers Insurance Policy. The court will **GRANT** Traveler's Motion to Dismiss (Rec. Doc. 67) and **DISMISS** J&J's claims against Travelers (Rec. Doc. 49) **WITHOUT PREJUDICE.**

## FACTS & PROCEDURAL HISTORY

In January 2012, Jonathan West was fatally electrocuted after the lift he was operating came into contact with a power line. At the time of the incident, Mr. West was an employee of The Migues DeLoach Company (DeLoach). J&J had subcontracted with DeLoach to complete the concrete and roofing work for a dental clinic remodeling project on Fort Polk near the power line. As part of contract between DeLoach and J&J, DeLoach was required to provide commercial general liability insurance coverage and indemnify and defend all claims against J&J

1

that were based at least in part on DeLoach's negligence.[1] DeLoach's general liability insurance carrier was Travelers, and under the terms of the insurance contract between DeLoach and Travelers, the policy would cover additional insured against claims based on the acts and/or omissions of DeLoach.[2]

After Mr. West's death, Louisiana United Businesses Association Casualty Insurance Co. (LUBA), DeLoach's worker's compensation insurance provider, paid death benefits to Mr. West's heirs. LUBA filed an action in state court seeking compensation for the paid benefits from Entergy Louisiana, LLC (Entergy), Volvo Construction Equipment Rents, Inc., unknown insurance companies, Pride Industries, and J&J. The state trial court dismissed LUBA's claims against J&J after granting the peremptory exception based on Louisiana's worker's compensation laws.[3] J&J and other defendants filed third party claims against DeLoach,[4] and Entergy filed a crossclaim against J&J.[5] Subsequently, Pride Industries removed this action to federal court. On April 25, 2016, J&J filed a third party complaint against Travelers, alleging that J&J was an additional insured under the policy and that Travelers was required to indemnify it for the costs of defending LUBA's and Entergy's claims against it.[6] Travelers filed a motion to dismiss the complaint, arguing that J&J is not an additional insured under the policy or in the alternative that the present suit is not covered under the policy. For the following reasons, the court finds that J&J is not an additional insured under the Travelers Policy.

---

[1] Third Party Compl. (Rec. Doc. 49), ¶¶ 7-8.
[2] Travelers Commercial General Liability Coverage Policy, (Rec. Doc. 67-2), p. 98, ¶ 1.
[3] Consent Judgment (Rec. Doc. 15-4), pp. 50-51.
[4] Third Party Demand of J&J Maintenance, Inc. Against the Migues DeLoach Company, LLC (Rec. Doc. 15-1), pp. 52-59; Volvo Construction Equipment Rents, Inc.'s Third party Demand Against the Migues DeLoach Company, LLC (Rec. Doc. 15-2), pp.18-22; Third Party Demand (Rec. Doc. 15-2), pp. 39-41.
[5] Cross-claim (Rec. Doc. 15-2), pp. 42-44.
[6] Third Party Complaint (Rec. Doc. 49).

## LAW & ANALYSIS

### I. Motion to Dismiss Standard

An action can be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the claimant fails "to state a claim upon which relief can be granted." Motions to dismiss are generally "viewed with disfavor and [should be] rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "[The] Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true." *Id.* (quoting *Gregson*, 322 F.3d at 885).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," making the right to relief more than merely speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). If the allegations in the complaint, even if taken as true, do not entitle the plaintiff to relief, the complaint should be dismissed. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly*, 550 U.S. at 558). Additionally, documents attached by a defendant to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiffs' complaint and are central to their claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### II. The Travelers Insurance Policy

To determine whether J&J stated a claim for relief in its pleading, the court will apply Louisiana law.

3

### a. Interpretation of the Insurance Policy

Under Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 2002-1637, p. 3 (La. 6/27/03), 848 So. 2d 577, 580 (citations omitted). "Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* (citing La. Civ Code art. 2047; *Peterson v. Schimek*, 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29). To determine whether, the insurer has a duty to defend, the court must first determine "whether any of the facts pleaded in the complaint possibly fall within matters covered under the insuring clause. The insured bears the burden on this point." *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009) (citing *Doerr v. Mobil Oil Corp.*, 774 So.2d 119, 124 (La.2000)).

In making this determination, the court applies Louisiana's "Eight Corners Rule," by "applying the allegations of the complaint to the underlying policy without resort[ing] to extrinsic evidence." *Id.* (citing *Adams v. Frost*, 990 So.2d 751, 756 (La. Ct. App. 2008)). Unless the insurer establishes that the allegations are unambiguously precluded from coverage, the insurer must defend if the pleadings include even "a possibility of liability under the policy." *Id.* (citations omitted). However, before determining whether pleadings allege even a possibility of liability, the court determines whether the party is an insured under the contract. *See Suire v. Lafayette City-Par. Consol. Gov't*, 2004-1459 (La. 4/12/05), 907 So. 2d 37, 52 (analyzing whether a party was an additional insured before analyzing whether the circumstances were covered under the policy); *Pitre v. Custom Fab of Louisiana, LLC*, No. CIV.A. 12-1074, 2013 WL 4499029, at *10 (E.D. La. Aug. 20, 2013) (analyzing whether a party was an additional insured before analyzing whether the policy imposed a duty defend).

4

Here, under the Travelers Policy, an additional insured is:

> any person or organization that [DeLoach] agree[s] in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:
>
> a) [o]nly with respect to liability for "bodily injury", [sic] "property damage" or "personal injury"; and
>
> b) [i]f, and only to the extent that, the injury or damage is caused by acts or omissions of [DeLoach] or [DeLoach's] subcontractor in the performance of "[DeLoach's] work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.[7]

Both parties agree that under the Travelers Policy, J&J is an additional insured if it is being sued for DeLoach's actions, but it is not an additional insured if it is being sued for its own actions.[8]

### b. Coverage of J&J under the Policy as an Additional Insured

J&J argues that it is an additional insured under the contract because the claims brought against it by LUBA and Entergy are both based on DeLoach's actions. The court does not agree. J&J's overarching argument for both claims is that because DeLoach could have taken the same actions for which the claims are alleging J&J is liable, J&J's liability arises out of DeLoach's action. J&J bases its argument on the pleadings filed against DeLoach by J&J and other defendants. This logic is faulty, and it also asks the court to look beyond the insurance policy and the complaints. Two different pleadings that allege that two parties did the same actions do not lead to the logical conclusion that the first party actually committed the action and the second party is being held liable for the first party's actions. Rather a plain reading, leads to the conclusion that both parties acted similarly and their respective actions are attributed to them individually. Additionally, under the "Eight Corners Rule," the court cannot consider claims that

---

[7] Travelers Commercial General Liability Coverage Policy, (Rec. Doc. 67-2), p. 98, ¶ 1.
[8] *See* Memo. in Support (Rec. Doc. 67-1), pp. 10-17; Response (Rec. Doc. 72), pp. 7-10. J&J is not bringing a third party action against Travelers under Louisiana's Direct Action Statute. (Rec. Doc. 72), p. 6.

are not the basis for J&J asserting that it is covered by the Travelers Policy. *See Martco Ltd. P'ship*, 588 F.3d at 872. Therefore, the court will look only to complaint filed by LUBA and the crossclaim file by Entergy against J&J. Based on those two pleadings, J&J is not an additional insured.

    i.    *LUBA's Claims Against J&J*

In the original petition, LUBA alleged that J&J was liable because as

> [t]he General Contractor, J&J Maintenance, Inc. bears responsibility for compliance with safety codes, regulations, and requirements, and it bears responsibility for general oversight, management, and safe administration of the remodeling project at Fort Polk. J&J permitted workers at Fort Polk to work with equipment, and/or malfunctioning equipment, in close proximity to areas with un-insulated, live wires. Although it was aware of the danger posed by working with equipment near the live and un-insulated wires, it allowed the dangerous conditions to remain.[9]

All of these alleged actions on which LUBA based J&J's liability were J&J's own individual actions. LUBA never alleged that J&J was liable based on DeLoach's action. While DeLoach may have also failed to comply with safety regulations and allowed work near live wires, the fact that DeLoach may have done these actions does not mean that J&J's liability is based on DeLoach's actions. The court would also need to look outside of LUBA's pleading to reach this conclusion. Therefore, because under LUBA's complaint J&J's liability was based on its own actions, J&J is not an additional insured.

    ii.    *Entergy's Crossclaim Against J&J*

In Entergy's crossclaim against J&J, it alleges that J&J did not contact Entergy as it was required to do by law.[10] Entergy also brought a claim against DeLoach, alleging that DeLoach failed to contact Entergy as it was required to do by law.[11] However, the basis of the claim

---

[9] Petition for Damages (Rec. Doc. 15-1), p. 5, ¶ 8.
[10] Cross-Claim (Rec. Doc. 15-2), p. 43, ¶ 8.
[11] Cross-Claim (Rec. Doc. 15-2), p. 40, ¶ 8.

against J&J as stated in the cross-claim is not that J&J is liable for DeLoach's failure to contact Entergy, but rather that J&J is liable for its own failure to contact Entergy. Furthermore, Entergy's claim against DeLoach is beyond the scope of the "Eight Corners Rule" inquiry. Accordingly, Entergy's crossclaim against J&J does not establish that J&J is an additional insured under the Travelers Policy.

## **CONCLUSION**

Because both of the claims brought against J&J are based on its own actions, J&J is not an additional insured under the contract. Therefore, the court will **GRANT** Travelers's Motion to Dismiss (Rec. Doc. 67) and **DISMISS WITHOUT PREJUDICE** J&J's Third Party Complaint against Travelers (Rec. Doc. 49).

Lake Charles, Louisiana, this 12 day of October, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE