UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LOUISIANA UNITED BUSINESS ASSOCIATION CASUALTY INSURANCE CO.** | : | **DOCKET NO. 15-cv-1769** |
| | : | |
| | | **UNASSIGNED DISTRICT JUDGE** |
| **VERSUS** | : | |
| | | |
| **J&J MAINTENANCE, INC., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Partial Summary Judgment, filed by defendant Entergy Louisiana, LLC ("Entergy") relating to its cross-claim against co-defendant J & J Maintenance, Inc. ("J&J") for defense and indemnity based on an alleged Overhead Power Line and Safety Act ("OPLSA") violation. Doc. 96. J&J opposes the motion. Doc. 102. No reply has been received from Entergy, and its time for filing any reply has passed. *See* doc. 97.

This matter has been referred to the undersigned in accordance with 28 U.S.C. § 636. For reasons provided below, **IT IS RECOMMENDED** that the Motion for Partial Summary Judgment [doc. 96] be **DENIED**.

I.
BACKGROUND

This case arises from an accident at the construction site for the New Shira Dental Clinic remodeling project on Fort Polk, Louisiana, on January 4, 2012. *See* doc. 1, att. 2. J&J was the general contractor on the project. *See id.* at 4. Decedent worker Jonathon West, an employee of subcontractor The Migues-Deloach Company, LLC ("Deloach"), was fatally injured when the

aerial boom he was operating made contact with a power line owned by Entergy. *Id.* at 3–7; *see* doc. 96, att. 3. The subject power line was an uninsulated, high-voltage power line that was inverted so that the uninsulated high voltage line hung below the grounded power line. Doc. 96, att. 3. The line was located approximately forty feet from the closest point of the south side of the building on which West was working and approximately twenty-four feet above the ground. *Id.*

After West's death, Louisiana United Business Associations Casualty Insurance Company ("LUBA"), worker's compensation insurer for Deloach, filed a suit seeking reimbursement against J&J and other entities in the 30th Judicial District Court, Vernon Parish, Louisiana. Doc. 1, att. 2. The action was removed to this court on May 27, 2015. Doc. 1.

Prior to removal Entergy was granted leave on April 4, 2013, to file a cross-claim against J&J. Doc. 15, att. 2, pp. 37–38. In that claim it alleged that J&J did not provide notice to Entergy of work being performed near the power line as required by Louisiana Overhead Power Line Safety Act ("OPLSA") and thus sought complete indemnity by J&J for all amounts, including costs and attorney's fees. *Id.* at 42–44. Also prior to removal, on February 24, 2014, all of LUBA's claims against J&J were dismissed via consent judgment on the basis that J&J was entitled to immunity under Louisiana worker's compensation law. Doc. 15, att. 4, pp. 50–51.

After removal Entergy filed a motion for summary judgment against LUBA, asserting that LUBA had no evidence that Entergy had violated any duty owed to LUBA or West in connection with West's death. Doc. 52, att. 1. The court granted the motion. Doc. 93, p. 9. Entergy then filed the instant motion for partial summary judgment against J&J on its claim for indemnity, seeking to recover costs and attorney's fees under the terms of the OPLSA. Doc. 96.

## II.
### LEGAL STANDARDS

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). Furthermore, a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). However, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

# III.
## APPLICATION

The Overhead Power Line Safety Act ("OPLSA") is a Louisiana statute which prohibits an individual from performing any work or activity that might bring him or anything he is handling within ten feet of a high voltage overhead power line. LA. REV. STAT. § 45:142. Under this statute, if any person desires to perform such work within ten feet of a high voltage overhead power line, "the person or persons responsible for the work" must promptly notify the owner or operator of the line "prior to the scheduled commencement of the work." *Id.* at § 45:143. A violation of OPLSA that results in physical or electrical contact renders a party liable to the owner or operator of the power line "for all damages, costs, or expenses incurred by the owner or operator as a result of the contact." *Id.* at § 45:144(A).

Entergy contends that J&J, as general contractor on the project, was responsible for making a notification under OPLSA and violated the statute by never contacting Entergy. Doc. 96, att. 1, pp. 4–5. Accordingly, it maintains, J&J is liable for expenses it has incurred in this suit, including attorney's fees. *Id.* at 5. However, as this court noted in its prior ruling:

> In 2011 before beginning the remodeling project, J&J . . . met with a representative of the U.S. Army Corps of Engineers because the U.S. Government was the then owner of the power line near the dental clinic. After the meeting, the U.S. Government and the operator, [defendant] Pride Industries, moved the power line farther away from the building.

Doc. 93, p. 2; *see also* doc. 102, att. 4, pp. 3–6 (report by LUBA's expert, describing actions taken by Army and Pride to address power line hazard). The court went on to note, and Entergy does not contest, that Entergy took over ownership of the power line on December 1, 2011. Doc. 93, p. 2; *see also* doc. 52, att. 2, p. 1 (Entergy's statement of uncontested material facts on prior motion for summary judgment). Entergy fails to show that J&J fell short of its OPLSA obligation by notifying the then-owner or operator of the line, at that time the United States Government, of the work to

-4-

be done before its commencement, or that it had any duty under OPLSA to notify Entergy after Entergy assumed ownership of the line.

As Entergy fails to demonstrate an OPLSA violation by J&J, it has not shown that it is entitled to summary judgment on its claim for indemnity. Thus we will not address J&J's claim that an allocation of fault to the utility company is required before OPLSA can be triggered.

### IV.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion for Partial Summary Judgment [doc. 96] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE