UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LOUISIANA UNITED BUSINESS ASSOCIATION CASUALTY INSURANCE CO.** | : | **DOCKET NO. 15-cv-1769** |
| | : | |
| | | **UNASSIGNED DISTRICT JUDGE** |
| **VERSUS** | : | |
| | | |
| **J&J MAINTENANCE, INC., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 143] filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendant Travelers Indemnity Company of America ("Travelers"), seeking dismissal of the claims brought against it in the cross-complaint [doc. 122] filed by defendant Entergy Louisiana, LLC ("Entergy"). No opposition has been received from Entergy to this motion, and the time for filing a response has passed. *See* doc. 144.

This matter has been referred to the undersigned in accordance with 28 U.S.C. § 636. For reasons provided below, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 143] be **GRANTED** and that the claims asserted in Entergy's cross-complaint [doc. 122] against Travelers be **DISMISSED WITH PREJUDICE.**

### I.
#### BACKGROUND

This case arises from an accident at the construction site for the New Shira Dental Clinic remodeling project on Fort Polk, Louisiana, on January 4, 2012. *See* doc. 1, att. 2. Decedent worker Jonathon West, an employee of subcontractor The Migues-Deloach Company, LLC ("Deloach"),

was fatally injured there when the aerial boom he was operating made contact with a power line. *Id.* at 3–7.

After West's death, Louisiana United Business Associations Casualty Insurance Company ("LUBA"), Deloach's worker's compensation insurer, filed a suit seeking reimbursement against the parties listed above as well as others in the 30th Judicial District Court, Vernon Parish, Louisiana. Doc. 1, att. 2. The action was removed to this court on May 27, 2015, under 28 U.S.C. § 1331 due to the accident's occurrence on a federal enclave.[1] Doc. 1.

LUBA's claims against the original defendants have now been completely resolved.[2] Entergy has a pending cross-claim against J&J for indemnity due to an alleged violation by J&J of the notification requirements of the Louisiana Overhead Power Line Safety Act ("OPLSA"). *See* doc. 15, att. 2, pp. 42–44. It has now filed a cross-complaint against LUBA, Deloach, and Travelers, which is the general liability insurer for Deloach. Doc. 122. In this complaint it also alleges that it is entitled to indemnity from these parties due to an OPLSA violation. *Id.*

Travelers now moves for dismissal for failure to state a claim on which relief may be granted, arguing that (1) Entergy is not a tort victim and so its claim against Travelers are procedurally impermissible; and (2) assuming *arguendo* that Entergy's claims against Travelers are properly before the court, the insurance policy issued by Travelers to Deloach does not provide coverage for Entergy's claims. Doc. 143, att. 2, pp. 2–3. As noted *supra*, Entergy has filed no opposition to this motion and its time for providing a response has passed. Doc. 144.

---

[1] Removal was also premised on federal officer removal jurisdiction, 28 U.S.C. § 1442(a)(1), due to defendant Pride Industries' colorable claim to a government contractor defense. Doc. 1, p. 3. LUBA challenged both grounds for removal jurisdiction in a Motion to Remand [doc. 14], which we denied. Doc. 29.

[2] LUBA's claims against J&J Maintenance, Inc., general contractor on the project, were dismissed via consent judgment prior to removal. Doc. 15, att. 4, pp. 50–51. Its claims against Entergy were dismissed via summary judgment in this court. Docs. 93, 98. Its claims against defendants Volvo Construction Equipment Rentals, Inc. and Pride Industries were dismissed on joint motion following notices of settlement. Docs. 43, 45, 115, 117.

## II.
### LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a plaintiff's claim for failure to state a claim for which relief may be granted. To survive such a motion, "the plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). In other words, the plaintiff must provide enough factual allegations which, taken as true, raise his right to relief "above the speculative level." *Twombly*, 127 S.Ct. at 1965. The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether it is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

If a plaintiff's claims are dismissed under Rule 12(b)(6), it is the policy of the federal courts to permit liberal amendment under Federal Rule of Civil Procedure 15 in order "to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981).

## III.
### APPLICATION

Under 28 U.S.C. § 5001, a federal cause of action is created for wrongful death actions on federal enclaves "as though the place were under the jurisdiction of the State in which the place is

located." Louisiana's Direct Action Statute[3] allows a person who is not an insured under the insurance contract to sue the insurer directly in certain circumstances. In relevant part, that statute provides:

> **The injured person or his survivors or heirs** . . . shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido . . . .

LA. REV. STAT. § 22:1269(B)(1). The plaintiff bears the burden of showing that it has a right to assert a direct action against the insurer, and the insurer is entitled to dismissal when the Direct Action Statute's requirements are not met. *Perkins v. Carter*, 30 So.3d 862, 866 (La. Ct. App. 5th Cir. 2009).

As Travelers notes, Louisiana courts have emphasized, and the plain language of the Direct Action Statute shows, that the "the reference here as to who may maintain the action is to the tort victim." *Arrow Trucking Co. v. Continental Insurance Co.*, 465 So.2d 691, 700 (La. 1985); *see also Green v. Auto Club Group Ins. Co.*, 24. So.3d 182, 184 (La. 2009) (noting that plaintiff would have no right of action against tortfeasor's insurer otherwise). Accordingly, the Direct Action Statute is inapplicable to claims for indemnity or contribution. *E.g.*, *Port Allen Marine Servs., Inc.*, *supra*, 765 F.Supp. at 890; *see also Mabile v. Dow Chem. Co.*, 2016 WL 7407390 (La. Ct. App. 1st Cir. Dec. 22, 2016).

Entergy does not claim to be a tort victim or an insured under Travelers' policy with Deloach. Accordingly, it has not shown a right of action against Travelers in its claims for indemnity based on Deloach's alleged violations of state law. As Entergy has not provided any

---

[3] For federal question and maritime jurisdiction cases involving invocation of the Direct Action Statute, see *Thuy Hoa Ngo v. Bach Van Ha Thi*, 2010 WL 2772507, *5 n. 12 (W.D. La. Jul. 12, 2010) (collecting cases) and *Port Allen Marine Svcs., Inc. v. Chotin*, 765 F.Supp. 887 (M.D. La. 1991).

opposition to this motion, we have no basis for finding that amendment could cure the deficiencies shown in its complaint and so the Motion to Dismiss should be dismissed.

## IV.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 143] be **GRANTED** and that the claims asserted in Entergy's cross-complaint [doc. 122] against Travelers be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE